STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS


*In Re*: **H.W. & M.W.**

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 12-1147** (Taylor County 11-JA-18 & 19)


MEMORANDUM DECISION

Petitioner Mother's appeal, by counsel Katica Ribel, arises from the Circuit Court of Taylor County, wherein her parental rights to the children were terminated by order entered on September 13, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, has filed its response. The guardian ad litem, Mary S. Nelson, has filed a response on behalf of the children and a supplemental appendix.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 12, 2011, the DHHR filed a petition alleging neglect by the parents due to substance abuse. Subsequently, both parents tested positive for controlled substances. Both parents entered into a stipulated adjudication and were granted post-adjudicatory improvement periods. However, the DHHR later moved to terminate petitioner's parental rights. At disposition, petitioner moved the court for a dispositional improvement period. The circuit court denied this motion and instead terminated petitioner's parental rights.

On appeal, petitioner alleges several assignments of error. First, petitioner alleges that it was error to deny her motion for a dispositional improvement period because she demonstrated by clear and convincing evidence that she was likely to fully participate in the same. Petitioner also alleges that it was error to terminate her parental rights because less restrictive alternatives were available, there was a reasonable likelihood that the conditions of abuse or neglect could be substantially corrected, and it was not in the children's best interest. Lastly, petitioner alleges that it was error to deny her post-termination visitation and grant a restraining order against her.

Both the DHHR and the guardian ad litem respond in support of the circuit court's termination of petitioner's parental rights. Respondents argue that petitioner failed to comply with the family case plan by refusing the DHHR's services and providing no proof that she obtained the recommended services on her own, as she claimed she would. Further, respondents cite petitioner's positive drug screens, failures to attend screens, and a diluted sample as evidence of

1

her continued substance abuse. Lastly, respondents argue that the circuit court's denial of post-termination visitation was supported by petitioner's attempts to contact the children's foster mother and the fact she committed larceny during a visit with the children, but they note that the circuit court allowed for visitation in the future if the children's therapist and other parties agreed it was in their best interests.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a dispositional improvement period, in the termination of petitioner's parental rights, or in its order related to post-termination visitation. To begin, the record shows that petitioner failed to prove, by clear and convincing evidence, that she was likely to fully participate in such an improvement period. In fact, the circuit court found that petitioner's drug addiction was so pervasive and chronic that petitioner could not remedy the issues during a dispositional improvement period. West Virginia Code § 49-6-12(c) grants circuit courts discretion in granting dispositional improvement periods, and we find no error in the circuit court's denial of petitioner's motion.

Further, the Court finds that the circuit court was presented with sufficient evidence upon which to base its findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. Lastly, in regard to post-termination visitation, the Court finds no error in the circuit court's rulings. We have previously held that, in ruling on post-termination visitation, "'[t]he evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest.' Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995)." Syl. Pt. 11, in part, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). Upon our review, we find that the record shows that such visitation would not have been in the children's best interest.

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II